IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 38570-1-III |
| EVARISTO SALAS, JR., | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

STAAB, J. — Evaristo Salas filed a CrR 7.8 motion to vacate his 1996 conviction for first degree murder. The superior court denied his motion, and Salas appealed. The applicable version of CrR 7.8(c) required the superior court to make specific findings before retaining Salas' motion and deciding it on the merits. The court did not make these findings. Thus, we vacate the superior court's denial of Salas' motion and, with the parties' approval, convert the matter for consideration as a personal restraint petition.

FACTUAL BACKGROUND

In 1996, Salas was convicted of first degree murder. The key witnesses at trial were Ofelia Gonzalez, the victim's girlfriend—the only eyewitness to the murder, and William Bruhn, an informant who claimed that he had overheard Salas confess to the crime. Over twenty years later, in 2017, an investigation uncovered new evidence pertaining to the case against Salas, including a recantation from Bruhn and evidence suggesting that Gonzalez had lied to obtain possession of her truck, where the victim was

murdered, prior to police processing it, and that she then had it professionally cleaned, repaired, and sold. Additionally, Salas' post-conviction counsel obtained evidence that Gonzalez may have been hypnotized prior to making her identification of Salas. Finally, Salas' post-conviction counsel obtained expert testimony regarding the unreliability of incentivized witness testimony and eyewitness identifications.

In 2020, Salas filed a CrR 7.8 motion requesting a new trial on the basis of newly discovered evidence in connection with the evidence described above. Salas also alleged *Brady*[1] violations.

The trial court retained the CrR 7.8 motion. Salas filed a motion to depose or compel testimony from Detective James Rivard, the lead investigator in Salas' case. At the hearing on the motion, Salas' counsel indicated after the State's argument that she was willing to forego the deposition request if the court was willing to sign an order subpoenaing Detective Rivard for his appearance at the CrR 7.8 motion for a new trial. The State opposed calling Detective Rivard as a witness at the CrR 7.8 motion hearing. The trial court ultimately denied Salas' post-conviction discovery motion to depose Detective Rivard.

After the denial, there was discussion regarding whether the trial court would subpoena Detective Rivard to testify at the CrR 7.8 motion hearing. The trial court

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

denied that request and made clear that it would not subpoena Bruhn, Gonzalez, or Detective Rivard to testify at the hearing on the CrR 7.8 motion.

Following the post-conviction discovery motion denial, the State filed its response to Salas' CrR 7.8 motion and argued that Bruhn's conviction was unreliable and that Salas' other evidence was not newly discovered.

At the hearing on the CrR 7.8 motion, Salas' counsel again brought up the issue of subpoenaing witnesses for the CrR 7.8 motion hearing. The court repeated that it was denying that request. Salas' counsel began argument on the CrR 7.8 motion and the court interrupted to say:

> THE COURT: Let me interrupt for just a second. I think—aren't you in kind of a funny spot right now where, I don't really want to say I think I lost, but the ruling of September 27 was kind of—took care of today's hearing?
>
> Isn't that really what you're arguing?

Rep. of Proc. (Oct. 27, 2021) at 19-20. Salas' counsel ultimately agreed with the court and declined to continue arguing the motion. The court then reiterated its denial of the motions.

At the conclusion of the hearing, Salas' counsel requested findings of fact and conclusions of law and the court replied "[y]ou can do that. I don't think [the Court of Appeals] is as interested in it as you might think they are. But I'm glad to entertain if somebody wants to put some findings together." Clerk's Papers at 28. Salas' counsel

stated that she would talk with the State's counsel and try to get something put together but that since the State was the prevailing party, they needed to draft findings and conclusions. The State responded by attempting to make a record of the court's prior rulings. The court supplemented the State's attempt at creating a record and reiterated some of its rulings and rationale. No written findings of fact or conclusions of law were entered.

An order denying Salas' motions for post-conviction discovery and denying his CrR 7.8 motion for a new trial was entered in January 2022.

Salas appealed.

ANALYSIS

Under the current version of the rule, a trial court can retain a CrR 7.8 motion only under limited circumstances. The rule provides that a trial court

> *shall* transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

CrR 7.8(c) (emphasis added).

The first determination a trial court must make is whether the motion is barred by RCW 10.73.090. This statute provides a one-year time bar on collateral attacks of a criminal defendant's judgment and sentence. Certain exceptions apply, including newly discovered evidence. RCW 10.73.100(1).

4

In this case, the trial court concluded that Sala's newly discovered evidence provided an exception to the one-year time bar, but did not make any findings to support this conclusion. Notably, the analysis in determining whether newly discovered evidence is sufficient to provide an exception to the time bar, and whether newly discovered evidence is sufficient to make a substantial showing of relief is very similar.

To meet the procedural and substantive requirement, the petitioner must demonstrate that the newly discovered evidence: "'(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.'" *In re Pers. Restraint of Brown*, 143 Wn.2d 431, 453, 21 P.3d 687 (2001) (quoting *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)). "'The absence of any one of the five factors is grounds for the denial of a new'" proceeding. *Id.* (quoting *Williams*, 96 Wn.2d at 223). Moreover, if a claim does not meet these requirements, then the one-year time bar in RCW 10.73.090 will apply and preclude review. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

Had the trial court properly determined that Salas' newly discovered evidence provided an exception to the one-year time bar, the court would have also effectively addressed whether Salas' motion made a substantial showing of entitlement to relief and what factual issues needed to be decided at a factual hearing. Instead, the court retained the motion without finding a substantial showing of entitlement to relief or the need for a

factual hearing. In fact, the court explicitly denied Salas' request to call witnesses and hold a fact-finding hearing. Instead, the court denied the motion on the merits without holding a factual hearing.[2]

This was improper. Under CrR 7.8, the trial court should have transferred Salas' motion to this court to be considered as a personal restraint petition.

Accordingly, under RAP 12.2, we now vacate the trial court's order denying the motion and convert the matter for consideration as a personal restraint petition. By separate order, the case is remanded for a reference hearing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

I CONCUR:                                    I CONCUR IN RESULT ONLY:

_____       _____
Fearing, C.J.                                    Siddoway, J.

---

[2] In response to a letter from this court, the parties jointly agreed that this court has authority to convert the motion to a personal restraint petition and stated that neither party objects to converting the appeal to a personal restraint petition.

6